ERIC GRANT
United States Attorney
ANTONIO J. PATACA
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS QUESADA,<br>Defendant. | CASE NO. 1:25-cr-00132-JLT<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States recommends a sentence of 37 months at the low end of the guidelines. Further variance is not appropriate because of his violent history, ongoing gang membership, and the circumstances of this offense.

**I. Defendant's criminal history category understates his record of violence and poor supervision**

Further variance below the low end of 37 months understates defendant's history. While defendant's crimes are dated, they are also violent: in 1999, he shot at an occupied residence. In 2000, he threatened to kill his wife while armed with a knife. And he had other arrests involving violence that were handled as parole violations rather than new charges. While these offenses were too old to score, he continuously violated parole until 2008 – placing him only a year outside of the fifteen year lookback for criminal history. While he deserves credit for not being caught committing crimes for fifteen years as reflected in his lower guidelines, the Court should not vary further, as he differently situated than a

person for whom the instant offenses represent their first blush with the legal system. Additionally, his past conduct involves actual violence with firearms, linking his past crimes to his current offense. Finally, he has not remained free from criminal associations during his ostensibly crime-free period; he has continued his active gang membership, and the circumstances of this offense show that he has remained involved in gang business and gang politics. For all of these reasons, downward variance would be inappropriate.

**II. The circumstances of this offense show defendant's leadership and facilitation of continued gang violence**

Defendant's current offense also does not justify a below-guidelines sentence. Here, the defendant provided firearms to others while being a long-time gang member, and the guidelines accurately reflect that conduct. Particularly given the defendant's history, he should be in a position to be dissuading younger gang members from carrying and using firearms – after all, he previously went to prison for exactly those offenses. Instead, he was facilitating and encouraging family members and others to carry guns. In this way, he is differently situated than other individuals who distribute firearms in a business context; they have a profit motive and have no particular insight or influence over the purchasers of their guns. In contrast, defendant could have exerted influence to reduce street violence, but instead through his actions facilitated it.

Nor has defendant's post-arrest conduct shown that he has changed his ways. He participated in an assault on another inmate while he was in custody. And he has yet to drop out of the gang. For all of these reasons, a guidelines sentence is the correct sentence in this case.

**III. Defendant's mitigating circumstances justify a low-end sentence**

Despite defendant's violent criminal history and the troubling circumstances of this offense, a low-end sentence is appropriate. He has a history of mental health, and while he has a strong family, he had a difficult upbringing. The Government also gives great credit to acceptance of responsibility at an early stage of the proceedings; while the case has been pending for over a year, the defendant reached out through counsel to begin the process of taking responsibility soon after his arrest. On balance, these mitigating circumstances mean a low-end guidelines sentence is appropriate.

**IV. Conclusion**

For the reasons stated above, the Government recommends a low-end sentence of 37 months in the Bureau of Prisons.

Dated: September 16, 2026

ERIC GRANT
United States Attorney

By: /s/ ROBERT L. VENEMAN-HUGHES
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney